Dr. Henry McLEMORE, II, Dr. Thomas Jenkins, Dr. Leon Lastrapes, III, Dr. Robert Lyons, Mr. Charles Smith, Dr. Larry Tujague, Dr. David Wallin, Dr. Patrick Breaux, Dr. William Harkrider. Dr. Lawrence Broussard, Dr. Gerald Murdock, Dr. Francis Elias, Mr. Gerald Schiff, Dr. William O'Neil, River Villa, a Partnership

v.

Paul J. LANDRY, Unknown Bond Company, FSC Securities Corporation, National Union Bonding Company and Interplan Development, Inc.

Civ. A. No. 86–238–A.

United States District Court,
M.D. Louisiana.

July 2, 1987.

Thomas H. Benton, Richard C. Odom, Benton, Benton & Benton, Baton Rouge, La., for plaintiffs.

Kevin P. Monahan, Robert F. Monahan, Vinet & Monahan, Baton Rouge, La., for defendants Paul J. Landry and Interplan Development, Inc.

Richard A. Curry, Kelly Wilkinson, Rubin, Curry, Colvin & Joseph, Baton Rouge, La., for FSC Securities Corp.

JOHN V. PARKER, Chief Judge.

Despite the wide loop thrown by the Congress when it enacted the Racketeer Influenced and Corrupt Organizations Act (RICO), Pub.L. 91–452, Title IX, 84 stat. 941, as amended, 18 U.S.C. §§ 1961–1968,

*Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the statute was not intended to snare every business fraud perpetuated in the United States, nor were the treble damage and attorney fee provisions of § 1964(c) intended to create a lawyers relief fund. A civil RICO claim has specific and precise essential elements, fixed by the statute. Neither shibboleth nor remonstrance of counsel will substitute for explicit facts sufficient to set forth a RICO claim.

Here, the initial effort of plaintiffs, consisting of vague, amorphous allegations of "racketeering activities," supported largely by banality, bromide and platitute, was found wanting and an amended complaint with specificity was ordered. The court also entered a RICO case standing order which required plaintiffs to file a RICO case statement setting for the detailed specifics of its RICO claim against all defendants. Although the case statement has been filed, it does not fully comply with the court's order since it suffers from some of the same truism defects of the complaint. The amended complaint does, however, sufficiently outline the claim against Financial Service Corporation Securities (FSCS) to allow consideration of the motion for partial summary judgment filed by FSCS. The motion is opposed. No oral argument is necessary.

This court's jurisdiction is premised upon 28 U.S.C. § 1331, plaintiffs having alleged violations of the Securities Acts of 1933 and 1934, both of which contain specific jurisdictional grants, in 15 U.S.C. 77v and 15 U.S.C. 78aa respectively. Plaintiffs have also alleged violations of 18 U.S.C. § 1962(c), RICO, and pendent state law claims of violation of fiduciary duty and self-dealing.

Plaintiffs' original complaint generally alleged in four counts that defendant Paul J. Landry, holding himself out as an agent for defendant Financial Services Corporation (FSC), made representations to the plaintiffs regarding the purchase of partnership interests, the formation of a real estate partnership, and the management of that partnership. The plaintiffs allege that these representations caused them damage and sued Landry and FSC for violations of: Count I, Securities Act of 1933, 15 U.S.C. § 77*l*(2); Count II, Securities Exchange Act of 1934, 15 U.S.C. 78j(b) and Rule 10b–5, 17 C.F.R. § 240.106.5; Count III, Civil RICO violations of 18 U.S.C. § 1962(c); Count IV, state law claims of violation of fiduciary duty and self-dealing.

Defendant FSC moved the court to dismiss the plaintiffs' complaint for failure to state a claim upon which relief may be granted, or alternatively, to compel plaintiffs to restate their claims with particularity. This court by minute entry dated July 22, 1986: (a) dismissed Count I as time-barred; (2) dismissed the Count II claim of the plaintiff partnership River Villa; (3) ordered that Count II paragraphs 54(E) through 54(I), and 55 be stricken from the complaint as immaterial; (4) ordered that the plaintiff amend Count II of the complaint to sufficiently allege a link between the actions of defendant Landry and defendant FSC and allege with particularity the circumstances constituting fraud on the part of defendant FSC; (5) ordered plaintiffs to amend Count III to allege a RICO claim with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure; and (6) amend Count IV to sufficiently allege how FSC became a fiduciary of the plaintiffs and how FSC was involved in the self-dealing or fraudulent activities of Landry. The plaintiffs amended their complaint as ordered by the court.

Defendant FSC filed a second motion to dismiss based on the fact that it was not a named defendant in the amended complaint. In the amended complaint, Landry and one of the subsidiary corporations of FSC, namely, FSC Securities Corporation (FSCS), were named as defendants. The court granted the motion dismissing FSC from the case, leaving as named defendants, Landry and FSCS.

The plaintiff then amended the complaint for a second time, naming as additional defendants National Union Bonding Company, the insurer of FSCS, and Interplan Development, Inc. (IDI), a corporation

formed and allegedly operated by the defendant Landry. Plaintiff also added another state law claim under LSA–R.S. 51:712 et seq.

On March 23, 1987, the court entered a RICO case standing order which required the plaintiffs to delineate with particularity the elements of plaintiffs' RICO claim against Landry and FSCS. As noted, plaintiffs have filed the RICO Case Statement. Defendant FSCS now moves for partial summary judgment as to the RICO claims asserted against it.

Plaintiffs have finally settled upon § 1962(c) as their RICO violation. The court ignores their vague reference in the case statement to "possible" conspiracy claims under § 1962(d) because those claims are not made in accordance with the RICO standing order. As the Supreme Court noted in *Sedima,* supra:

> A violation of § 1962(c), the section on which (plaintiff) relies, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim..:.
105 S.Ct., at 3285.

The Fifth Circuit has discussed the elements of a claim under § 1962(c):

> "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's 'business or property by reason of a violation of section 1962.' 18 U.S.C. § 1964(c)." *Alcorn County, Mississippi v. U.S. Interstate Supplies,* 731 F.2d 1160, 1167 (5th Cir. 1984). Further:

> In order to prove a violation of 18 U.S.C. § 1962(c), the plaintiff must prove: (1) the existence of an enterprise which affects interstate or foreign commerce; (2) that the defendant (was "employed by" or) "associated with" the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the participation was through a pattern of racketeering activity, i.e., by committing at least two acts of racketeering activity designated in 18 U.S.C.A. § 1961(1).

*Alcorn County,* 731 F.2d at 1167–68 (quoting *United States v. Phillips,* 664 F.2d 971, 1011 (5th Cir.1981).

Plaintiffs allege that Landry's corporation, IDI, and the employees of IDI, form the RICO "enterprise." RICO Case Statement, p. 10, § 6(a). The function of the enterprise was "to purchase real estate and sell the same to a partnership set up for purposes of owning, leasing and selling the said real estate. The enterprise acted as managing general partner of the partnership and was also used by Landry in misappropriating funds from the partner's frequent capital contributions." RICO Case Statement, p. 10, § 6(b). Plaintiffs do not allege that defendant FSCS was "employed by" the enterprise IDI. Plaintiffs contend that FSCS was "associated with the enterprise to the extent Landry's dealings as a registered representative of FSCS were mainly through IDI, all of which was well known to FSCS." RICO Case Statement, p. 11, § 6(d). (In another section of the RICO Case Statement, plaintiffs, in response to the specific question of who is "associated" with the enterprise, failed to allege that FSCS was associated with the enterprise. RICO Case Statement, p. 12, § 13(a)) Plaintiffs allege mail fraud, wire fraud and securities fraud as the predicate acts of racketeering activity. Plaintiffs allege the mailings, wire communications and misrepresentations with respect to securities were actually committed by IDI, i.e. Landry and his employees. Plaintiffs appear to contend that FSCS is responsible for, "participated" in, these racketeering acts because FSCS had "knowledge of and or access to" information regarding Landry's activities by virtue of a contract FSCS had with Landry and an alleged audit of Landry conducted by FSCS. Plaintiffs principally contend that FSCS is liable for the above mentioned fraudulent activities allegedly conducted by IDI and Landry, on the basis of respondeat superior. RICO Case Statement, p. 4.

The evidence submitted by the defendant FSCS in support of its motion for partial summary judgment indicates that FSCS did not participate in the affairs of the enter-

prise (IDI and Landry) and that there is no basis for holding FSCS liable under a theory of respondeat superior.

FSCS has produced a copy of the contract and under the terms of the contract between FSCS and Landry, Landry was engaged as an independent contractor to solicit and obtain applications and orders for the purchase and sale of investment company shares and other securities or investments. Contract, § 1(a). The contract specifically provided that it was not intended to create the relationship of employer-employee. Contract, § 2(a). The undisputed facts—the contract—show that Landry was not an employee of FSCS. Landry had no authority to bind FSCS by any statement, promise, representation, agreement or contract of any kind, unless specifically authorized to do so in writing. Contract, § 2(c). Landry was not authorized to sell any security or investment which had not been approved by FSCS. Under the contract Landry was required to submit to FSCS for prior approval the documents or writing by which the offer of any security would be made. Contract, § 3(e). Landry was not a full time FSCS representative. The contract contains a specific provision that Landry, "shall be free to devote whatever time he choses(sic) to any other business he may choose to be in."(sic) Contract § 2a. In his affidavit, Richard W. Chadwick, Senior Vice President of FSCS, states that "FSCS did not approve or authorize Landry to sell interests in River Villa, A Partnership or Interplan Development, Inc.; no interest in those entities were sold through FSCS; and FSCS received no benefit, monetary or otherwise, from Landry's participation in those entities." While no formal employer-employee relationship is required in order to be "associated" with an enterprise, Chadwick also states that there "was no business relationship or informal ventures between FSCS and Landry except as contemplated in the Contract." Mr. Chadwick's affidavit is supported by the affidavit of Thomas Hutchins, another Senior Vice President of FSCS, whose responsibility is to oversee the investment products approved and authorized for offering by registered representatives of FSCS, like Landry. Mr. Hutchins states that, "If FSCS had approved or authorized River Villa, A Partnership or Interplan Development, Inc. as investments for sale by registered representatives of FSCS, then I would have had knowledge of such approval or authorization. FSCS has never approved or authorized the sale of interests in River Villa, A Partnership or Interplan Development, Inc." Hutchins also states: "Prior to the time this action was filed, FSCS had no knowledge whatsoever of River Villa, a Partnership. FSCS had not been asked to review or consider for approval investments in River Villa, A Partnership, and FSCS had no knowledge that interests in River Villa, A Partnership, were being offered as investments by Landry."

Although the plaintiffs make many assertions in their briefs in opposition to the defendant's motion for partial summary judgment, regarding the liability of FSCS for the acts of IDI and Landry, the plaintiffs have failed to submit any evidence under Rule 56 of the Fed.R.Civ.P., supporting their position or refutting the evidence submitted by the defendant. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The response of plaintiffs to the specific statements in the affidavits is to dispute the plain meaning of the words in the contract and to reiterate their claims in the case statement that because an employee of FSCS conducted an "internal audit" of Landry, FSCS thereby became associated with the enterprise: "The record, of course, reflects that FSC(sic) did in fact have knowledge of, or at least should have been able to discover Landry's illegal activities, inasmuch as FSC(sic) performed at least one audit of Landry's books." Brief of plaintiffs, p. 10. Further, "It is *conceivable and possible* that someone at FSC(sic) could have conveyed to Landry that sales of interests in River Villa were approved, or that they could be made to appear as though they were." Brief of plaintiffs, p. 7 (emphasis supplied).

The uncontroverted evidence indicates that the enterprise, i.e. Landry and IDI, operated independently of FSCS. Plain-

tiffs have offered no specific facts indicating that FSCS had knowledge of the allegedly fraudulent activities of Landry and IDI. Such ill defined, equivocal allegations are insufficient to raise a disputed issue of fact. FSCS did not participate in the affairs of the enterprise, much less participate in the allegedly fraudulent affairs of the enterprise.

The question of whether a corporation can be liable under a respondeat superior in a § 1962(c) claim is unsettled in this circuit. It has been held that respondeat superior can not be used to impose liability under § 1962(c). *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28 (1st Cir.1986). Assuming that respondeat superior were available as a basis for liability under § 1962(c), the contract indicates that Landry was not an employee of FSCS with respect to the transactions at issue. Even if the court assumes that Landry could be construed to be an employee of FSCS under the represetative contract, Landry clearly acted beyond the scope of his employment authority by failing to seek approval of the proposed investments from FSCS, as required under the representative contract and plaintiffs have not produced a scintilla of evidence to show that FSCS was associated with Landry's activities or, indeed, that it was even aware of them. FSCS can not be liable under respondeat superior for the allegedly fraudulent actions of Landry and IDI.

At some point in every case, plaintiff must lay down the shield of non-specific "possibilities" and come forth with specific facts which, if proved, will actually establish liability on the part of the defendant. For these plaintiffs, that time is now. They have failed to do so after having been granted every reasonable opportunity. We now slam the door on the civil RICO claims against FSCS.

The motion for partial summary judgment is hereby GRANTED as to all civil RICO claims against FSCS.